```
1  SEAN M PARK,
   MICHELLE PARK
2  P.O. BOX 3054
   La Mesa, CA 91944
3
```



FILED
10 JUL 26 AM 10: 28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA


DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA/ SAN DIEGO DIVISION

SEAN M PARK,
MICHELLE PARK

Plaintiffs

v.

1. Washington Mutual Bank, FSB/
   JP Morgan Chase Home Finance LLC
   (Lender)
   800 State Highway 121 Bypass
   Lewisville, Texas 75067-4180
2. California Reconveyance Company
   (Trustee), 9200 Oakdale Avenue,
   MS CA2-4379, Chatsworth, CA 91211
3. Chicago Title Company
   Park Camino Branch
   2365 Northside Drive #600
   San Diego, CA  92108
4. Universal Business Services, Albert E.
   Mora (Trustee) 2148 E. Cortez St.
   West Covina, CA 91791. 3053 Rancho
   Vista Blvd STE 140 Palmdale, CA
   93551
5. Stocker Street Development, BCS
   International, Ramsgate Inc, Blueline
   Funding Group, Janik Network
   (Beneficiary under Universal Business
   Services) Addresses unknown
6. Tyona Rensen, Commission
   #1749359, Notary Public Address
   unknown
7. Does 1-10

Defendants.

CASE NO. 10 CV 1548   MMA NLS

COMPLAINT FOR:

1. DECLARATORY RELIEF;
2. INJUNCTIVE RELIEF;
3. DETERMINE NATURE, EXTENT AND VALIDITY OF LIEN;
4. CONTRACTUAL BREACH OF GOOD FAITH FAIR DEALING;
5. VIOLATIONS OF TILA;
6. VIOLATIONS OF RESPA;
7. VIOLATIONS OF CALIFORNIA CIVIL CODE  2932.5;
8. RECISSION;
9. ALLEGED FRAUD
10. ALLEGED FORGERY
11. UNFAIR AND DECEPTIVE ACTS AND PRACTICES (UDAP);
12. BREACH OF FIDUCIARY DUTY;
13. UNCONSCIONABILITY;
14. PREDATORY LENDING; CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200;
15. QUIET TITLE

**Jury Trial Demanded**

Location: 880 Front Street, San Diego, CA

Judge:
Dept:

Date Filed:
Trial:



## INTRODUCTION

COMES NOW the Plaintiff SEAN M. PARK AND MICHELLE PARK (hereinafter referred to as "Plaintiff" or "Borrower", or Plaintiffs or Borrowers) alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages in excess of $75,000.
2. At all times material to this lawsuit, Sean M. Park and Michelle Park were/are residents of San Diego County, California.
3. At all times material to this lawsuit, Washington Mutual Bank, FSB/ J P Morgan Chase (Lender) is in the State of Florida.
4. The subject property is located in San Diego County, State of California.
5. This court (San Diego County) has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

6. 02 November 2007 Plaintiff and Defendant entered into a written contractual agreement.
7. Terms of the Contract were stated in APN # 350-602-10 Loan Number #3018313076 with Washington Mutual Bank, FSB (Original Lender) [also known as J P Morgan Chase (Chase) and Chicago Title Escrow #78023965-N89
8. July 2009-Plaintiff due to recession phoned Washington Mutual Bank, FSB, Chase weekly in regards to a loan modification.
9. 07 September 2009-Letter from WAMU/CHASE regarding eligibility for a Loan Modification stating they are committed to helping.
10. 28 September 2009-Email to Jaime Dimon, CEO regarding a loan modification.
11. 16 October 2009- Notice of Default Recorded Document # 2009-0575252
12. 22 October 2009-Response letter from Carla Brantley, Executive Offices regarding Loan modification. Communicated with Ms. Brantley for months for loan modification to no avail.
13. Plaintiff, diligently worked with Chase and supplied needed required documents for loan modification however no progress with Chase.
14. Trespassing- November 24, 2009 and January 3, 2010- Buczek Enterprises hired by Chase to change locks on property. Tenants vacated immediately. Notified Ms. Brantley.
15. Plaintiff, continued to send updated documents required to modify loan however, it is apparent Chase has no intention of modifying. Plantiff has been denied several times and documents will show Chases failure to state any reason for modification denial.
16. 25 April 2010-Notice of Trustee's Sale for May 17, 2010.
17. 05 May 2010- Lender stated sale on hold. Submitted documents required to lender for modification. Chase will not modify unless entire balance is paid.
18. 17 May 2010- Notice of Trustee's Sale #439299CA

Sean Park and Michelle Park

19. 13 May 2010 sent Qualified Written Request, Complaint, Dispute of Debt, Validation of Debt, TILA request. Defendants received Fed Ex. May 14, 2010.
20. 28 May 2010-Notice of Trustee's Sale-California Reconveyance Company #439299CA-postponed due to loan modification denial dispute
21. 07 June 2010-Defendants (Lender, Trustee, Escrow) failed to respond to UCC Financing Statement Document #2010-0299502 recorded in San Diego County.
22. 17June 2010-Defendant (lender) failed to respond to specific and pertinent questions in QWR dated May 13, 2010 and received and confirmed by defendant May 14, 2010 fed ex regarding personal viewing of original loan documents. Defendant further **stated all information not included is unavailable or considered proprietary, and will not be provided**.
23. 15 June 2010-UCC Financing Statement Document #2010-0299502 Recorded in San Diego County attached is a Common Law Lien, A Fixture Filing and UCC Financing Statement Document # 2010-0347292, Notice of Lien dated July 12, 2010.
24. 02 July 2010- Plaintiff's letter to Defendant (Lender) to produce original loan documents and that failure to answer pertinent and specific questions are taken as an Administrative default as per the Administration Procedures Act of 1946. Administration Procedures Act of 1946.
25. 10 July 2010-Notice of new Trustee's Sale July 27, 2010 10:00 am.
26. 12 July 2010-Letter to Defendant (Trustee-California Reconveyance Company) concerning disclosure of "lien" on property regarding Trustee's Sale date July 27, 2010 10:00a.m.
27. 13 July 2010-Letter of intimidation from Chase Home Finance LLC (Defendant) stating recent documents sent (UCC financial statements) are invalid and not recognized by JP Morgan Chase, N.A. and are invalid and my attempts to ask for pertinent loan information is fraudulent and unlawful.
28. 20 July 2010- Letter (4) faxes to (Defendants) Chase and (1) to California Reconveyance Company warning of "cloud on title" and 3rd party trustee will be added as additional Defendant. Plaintiff, has repeatedly asked (Lender) for Original Loan Documents for personal viewing to no avail.
29. 26 July 2010-Plantiff files complaint against defendants asks court for stay.
30. 27 July 2010-Notice of Trustees Sale scheduled 10:00am.
31. **Plaintiff, requests the Court take Judicial Notice of the UCC Financing Statement Recorded Document # 2010-0299502 Recorded JUNE 15, 2010 2:20 PM.** Said document includes a perfected Common Law Lien as Per California Civil Code Section 22.2. Copies were Fed Ex overnight to all defendants listed above and confirmation was received on 6/16/2010.
32. Also, **Plaintiff, request the Court takes Judicial Notice of the UCC Financing Statement Recorded Document # 2010-0347292 Recorded July 12, 2010 9:34 am in San Diego County, Notice of Lien,** according to California Civil Code Section 22.2. 9. See 2010-0299502 Initial Financing Statement.

PARTIES

1. At all times relevant herein, Plaintiff's (also referred to herein as Plaintiff) were over the

- 3 -
COMPLAINT of SEAN M. PARK and MICHELLE PARK

age of eighteen and were residents of the City of La Jolla, County of SAN DIEGO, State of California,

2. The real estate: that is the subject of this litigation is 7419 DRAPER AVENUE LA JOLLA, CA 92037 APN 350-602-10 (hereinafter referred to as "Subject Property"),

3. Plaintiff purportedly entered into a loan repayment and security agreement on or about, NOVEMBER 2, 2007 with Defendant WASHINGTON MUTUAL BANK, FSB, (hereinafter referred to as "ORIGINAL MORTGAGE LENDER"), which required Plaintiff to repay a loan of $1,000,000 to ORIGINAL MORTGAGE LENDER.

4. Plaintiff is informed and therefore believes that Defendant ORIGINAL MORTGAGE LENDER, a Business Entity, form unknown, is a corporation, authorized to do business in the State of California, ORIGINAL MORTGAGE LENDER was the original mortgage lender with an unknown business address.

5. Plaintiff is informed and therefore believes that Defendant WASHINGTON MUTUAL BANK, FSB (hereinafter referred to as "ORIGINAL MORTGAGE BROKER"), a Business Entity, form unknown, is a corporation, authorized to do business in the State of California. ORIGINAL MORTGAGE BROKER was the original mortgage broker with an unknown business address.

6. Plaintiff is informed and therefore believes that Defendant CHICAGO TITLE COMPANY, (hereinafter referred to as "ORIGINAL ESCROW/ TITLE COMPANY"), a Business Entity, form unknown, is a corporation, authorized to do business in the State of California. CHICAGO TITLE COMPANY is the original Escrow/Title Company for the loan, with an unknown business address,

7. Plaintiff is informed and therefore believes that CALIFORNIA RECONVEYANCE COMPANY, a Business Entity, form unknown, is a corporation, authorized to do business in the State of California. CALIFORNIA RECONVEYANCE COMPANY is the current mortgage nominee/beneficiary and has a business address of 9200 OAKDALE AVENUE, MAIL STOP CA2-4379, CHATSWORTH, CA 91311

8. Plaintiff is informed and therefore believes that UNIVERSAL BUSINESS SERVICES, a Business Entity, (Trustee). Plaintiff's name and signatures were Allegedly Forged on Short Form Deed of Trust dated 01 August 2007 notarized and recorded Document #2010-0258446 on May 24, 2010 9:43 A.M.  Universal Business Services, a.k.a. Albert E. Mora, listed the following as Beneficiaries under their Trusteeship. (a.) Stocker Street Development, (b.) BCS International, (c.) Ramsgate Inc, (d.) Blueline Funding Group and (e.) Janik Network.  Tyona Rensen, Commission #1749359, is listed as licensed notary on forged document.  Plaintiff has never heard of Universal Business Services, Albert E. Mora, any beneficiary listed or Tyona Rensen or signed said document.

The Defendants (each of them named in paragraphs 1 through 10 above in **General Factual Allegations**, shall collectively be referred to as "DEFENDANTS") named herein "all

persons unknown", claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiffs title thereto and as DOES 1 through 100 (hereinafter referred to as "UNKNOWN DEFENDANTS") are unknown to Plaintiff. These unknown Defendants and each of them claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiff's title and their claims and each of them constitute a cloud on Plaintiff's to the Subject Property. Plaintiff is informed and therefore believes, and on that basis alleges that each fictitiously named herein as a Doe is responsible for the events happening hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendants when ascertained,

9. Plaintiff is informed and therefore believes and on that basis alleges that at all times mentioned herein, the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and therefore believes and on that basis alleges that each of said Defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed Defendants.

10. Whenever, in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

11. During the processing and sale of this loan to Plaintiff, ORIGINAL MORTGAGE LENDER and ORIGINAL MORTGAGE BROKER were aware that "payment shock" would occur because of the manner in which Defendants qualified Plaintiff for the current loan product. The underwriting process and failure to properly verify Plaintiff's assets, income, debt and risks created a circumstance for Plaintiff wherein foreclosure would be inevitable and Defendants were aware of this fact. ORIGINAL MORTGAGE LENDER also increased a Yield Spread Premium to ORIGINAL MORTGAGE BROKER. ORIGINAL MORTGAGE LENDER then has the opportunity to recoup the premium fees paid to ORIGINAL MORTGAGE BROKER upon foreclosure. As a result of the lack of ownership in the Subject Property, coupled with the excessive fees and unfair structure, Plaintiff suffered tremendous "payment shock" and was required to investigate the actions of the Defendants

12. As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply with the Federal Truth In Lending Act (hereinafter referred to as "TILA") [15 U.S.C. §1601-1667f); [24 C.F.R § 3500,1-3500.17]; the Real Estate Settlement Volatility of the loan product(s) provided by Defendants.

28. The Defendant's utilized excessive closing costs/fees that axe actionable for treble damages pursuant to 12 U.S.C, § 2607. Those fees include, but are not limited to the

mortgage brokers loan origination fee and a Yield Spread Premium by ORIGINAL MORTGAGE LENDER plus processing fees. ORIGINAL MORTGAGE LENDER paid ORIGINAL MORTGAGE BROKER premiums for increased yields in rates In the case of an adjustable loan the lenders higher yield is in the margin. The higher the margin for the borrower, the higher the premium would be to the broker.

29. The purpose of entering into the above-described mortgage loan transactions was for Plaintiff to eventually own the Subject Property, that purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' actions alleged herein.

30. Plaintiff is informed and believes the following legal violations were incurred during the handling and processing of Plaintiff s loan:

31. Plaintiff is informed and believes and therefore alleges that the underwriter approved this loan based only upon a stated income and a medium to high-risk credit score and a belief that the property would continue to increase in value and that the Plaintiff should have been declined for this loan.

32. Plaintiff is informed and believes and therefore alleges that based on a Real Income Analysis, with the type of take home income Plaintiff possess and that was clearly disclosed to Defendants, that the borrower would not be able to support the home payment over an extended period.

33. Plaintiff is informed and believes and therefore alleges that Defendants failed to provide Plaintiff with written notice of the furnishing of negative credit information to consumer reporting agency after Defendants furnished such negative credit information about Plaintiff.

34. Plaintiff is informed and believes and therefore alleges that Defendants breached their fiduciary duty to Plaintiff because they knew or should have known that the Plaintiff will or had a strong likelihood of defaulting on this loan, they have a fiduciary duty to the borrower to not place them in that loan (in harms way).

35, Plaintiff is informed and believes and therefore alleges that it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiff. It led to a maximization of profits for the Defendants, with no concern for the Plaintiff financial position or livelihood.

36. Plaintiff is informed and believes and therefore alleges that as a result of the practices of Defendants, and each of them throughout the handling of this loan, that such practices are consistent with the definition of predatory lending, and encompass numerous characteristics that indicate such.

37. Plaintiff is informed and believes and therefore alleges that Defendants provided inadequate disclosure of the true costs, risks and, where necessary, appropriateness to the borrower of loan transactions in violation of the Federal Trade Commission Act.

38, Plaintiff is informed and believes and therefore alleges that Defendants engaged in

unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising in violation, rising to unfair and deceptive business practices, in violation of California Business and Professions Code § 17200 and the Unfair and Deceptive Acts and Practices statutes.

## FIRST CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

39. Plaintiff realigns and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants do not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, California Business and Professions Code, UDAP, TILA and RESPA. Thus, the purported power of sale by Defendants no longer applies. Plaintiff further contends that Defendants do not have the right to foreclose on the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA. Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction.

41. Plaintiff requests that this Court find the purported power of sale contained in the loan of no force and effect at this time, because Defendants actions in the processing and handling of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants. Plaintiff further requests that title to the Subject Property remain in Plaintiffs name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

42. As a result of the Defendants` actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendant's purported power of sale is void and has no force or effect against the Subject Property.

43. Further, Defendants' actions have been willful, knowing and malicious.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Injunctive Relief Against All Defendants)

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Defendants, during the pendency of this action may commence a foreclosure action

under the Note and may record a Notice of Default indicating their intention of scheduling a foreclosure sale at later date. Said sale will cause Plaintiff great and irreparable injury in that real property is amuck.

46. The wrongful conduct of Defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the property and will lose his home.

47. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer.

WHEREFORE, Plaintiff prays for relief as set forth below.

THIRD CAUSE OF ACTION
Determine Nature, Extend and Validity of Lien under
California Commercial Code § 9313
(Against All Defendants)

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the panics reasonably contemplated when they entered into the agreement.

56. The terms of the loan imposed upon Defendants a duty of good faith and fair dealing in this matter.

57, Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. Defendants were required to exercise such power in good faith.

58, Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants:
    I. Willfully withheld numerous disclosures;
    II. Willfully withheld notices in regard to excessive fees and finance charges including Yield Spread Premiums, Underwriting standards, Good Faith Estimates, Disclosures of additional income due to interest rate increases, and failure to disclose when negative credit scores were disseminated;

III. Willfully placed Plaintiff in a loan that he did not qualify for, could not afford, and subjected him to further financial detriment, while providing Defendants with financial benefits they would not have otherwise enjoyed.

59. As a result of Defendants' breach of this covenant, Plaintiff has suffered injury and has caused Plaintiff the threat of loss of her home. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

60. Defendant's actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
Violation of TILA, 15 U.S.C. § 1601, et.seq.
(Against All Defendants)

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The Truth In Lending Act (TILA) applies because the transaction involves the extension of credit to a consumer for personal, family or household purposes that is subject to a finance charge and/or payable by written agreement in more than four installments per 15 U.S.C. §§1601-1667f, et seq.

63. Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

64, Plaintiff could not nor would not be able to afford this loan. The risks versus the Debt-to-Income Ratio was not specifically and clearly disclosed to Plaintiff.

65. ORIGINAL MORTGAGE LENDER failed to provide Plaintiff with a correct payment schedule, a properly disclosed interest rate, an accurate Good Faith Estimate or a disclosure relating to Property/Hazard Insurance, all required under the Code of Federal Regulations.

66. Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

67. Per 12 CFR § 226.19(b), ORIGINAL MORTGAGE LENDER was required to provide the Plaintiffs with the "Consumer Handbook on Adjustable Rate Mortgages" (CHARM) booklet. No such booklet was received which is a violation of the TILA laws.

68. ORIGINAL MORTGAGE LENDER was further required to fully disclose the terms of the financing to the Plaintiffs and again, there is no evidence to support such disclosure was provided to the Plaintiffs. In this case, with such a volatile loan, the Plaintiffs should have been fully counseled on the terms and the how such affected the property.

69. An actual controversy now exists between Plaintiff, who contends [he / she] has the right to rescind the loan on the Subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

70. As a direct and proximate result of Defendants' violations, Plaintiff has incurred and continues to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

71. Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants

72. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
Violation of Real Estate Settlement and Procedures Act (RESPA)
(Against All Defendants)

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. RESPA applies because a lender that regularly extends federally related mortgage loans aggregating more than $1 million per year, and intended for the purchase of a one-to-four-family residential property are subject to RESPA per 12 U.S.C, §§ 2601-2617.

75. Housing and Urban Developments (HUD's) 1999 Statement of Policy established a two-part vest for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:
    (1) Whether goods or facilities were actually famished or services were actually performed for the compensation paid and;
    (2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually perfumed. In applying

this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services famished or perfumed to determine whether it is legal under RESPA,

76. To earn a Yield Spread Premium (YSP), the broker will increase the amount of the margin that the borrower will pay, which increases the interest rate and the monthly payment. The increase in the monthly payment multiplied over three years will be the Yield Spread Premium. It takes the borrower three years to repay the Yield Spread Premium. Once the three-year repayment period has ended, the margin on the interest rate does not drop. Instead, the borrower continues to pay at the same interest rate and the lender reaps the benefits of the higher payment,

77. This was purported to Plaintiff by explaining that the Yield Spread Premium was a "credit for closing costs" or other sort of bait and switch tactic. The Yield Spread Premium significantly affects the Borrower's payment and financial situation. By allowing ORIGINAL MORTGAGE BROKER to earn Yield Spread Premium, ORIGINAL MORTGAGE LENDER would earn excessive fees, to be proven, over the life of the loan, if carried to maturity, as a result of the higher interest rate. Both ORIGINAL MORTGAGE LENDER and ORIGINAL MORTGAGE BROKER have enjoyed the benefits of Unjust Enrichment.

78. The Yield Spread Premium was not explained to the Plaintiff that [he/ she] would be paying this through her loan payments. ORIGINAL MORTGAGE LENDER and ORIGINAL MORTGAGE BROKER also failed to provide a separate fee agreement regarding Yield Spread Premium, properly disclosing this fact.

79. No separate fee agreements, regarding Yield Spread Premium that the broker and the lender have enjoyed were ever provided, resulting in the benefits of Unjust Enrichment for ORIGINAL MORTGAGE LENDER and ORIGINAL MORTGAGE BROKER.

80. Defendants violated RESPA because the payments to the mortgage broker and to the lender were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self-serving.

81. As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained is to be proven at trial,

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Violation 0f California Civil Code § 2932.5
### (Against All Defendants)

82. Plaintiffs realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Where a power to sell real property is given to a mortgagee, or other entity whom has

placed an encumbrance on title, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

84. CALIFORNIA RECONVEYANCE COMPANY (CRC) has been named the beneficiary for this loan. CRC was created to eliminate the need for the executing and recording of assignment of montages, with the idea that CRC would be the mortgagee of record. This would allow CRC to foreclose on the property, and at the same time, assist ORIGINAL MORTGAGE LENDER in avoiding the recording of the Assignments of Beneficiary on loans sold. This saved ORIGINAL MORTGAGE LENDER money in manpower and the costs of recording these notes. It was also designed to "shield" investors from liability as a result of lender misconduct regarding the process of mortgage lending.

85. CRC is simply an "artificial" entity designed to circumvent certain laws and other legal requirements dealing with mortgage loans. By designating certain member employees to be CRC corporate officers, CRC has created a situation whereby the foreclosing agency and CRC "designated Officer" has a conflict of interest.

86. Since neither CRC nor the service have a beneficial interest in the note, nor do they receive the income from the payments, and since it is actually an employee of the servicer signing the Assignment in the name of CRC, the Assignment executed by the CRC employee is illegal. The actual owner of the note has not executed the Assignment to the new party. An assignment of a mortgage in the absences of the assignment and physical delivery of the note will result in a nullity.

87. It must also be noted that the lender or other holder of the note registers the loan on CRC. Thereafter, all sales or assignments of the mortgage loan are accomplished electronically under the CRC system. CRC never acquires actual physical possession of the mortgage notes, nor do they acquire any beneficial interest in the Note.

88. The existence of CRC indicated numerous violations of the California Business and Professions Code as well as Unfair and Deceptive Acts and Practices due to the conflicting nature and identity of the servicer and the beneficiary. Each of these practices was intentionally designed to mislead the borrower and benefit the lenders. One can only conclude arch a reading of this section, that CRC or any of its subsequent assignees, have no legal standing to record a Notice of Default and subsequently foreclose.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein.

EIGHTH CAUSE OF ACTION
Rescission
(Against All Defendants)

90, Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

fully set fond herein.

91. Plaintiff is entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment and 4) Public Policy Grounds, each of which provides independent grounds for relief

92. The Truth In Lending Act, 15 U.S.C § 1601, et seq. extends Plaintiffs right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or borrowers right to rescind. Here, Defendants have failed to properly disclose the details of the loan. Specifically, the initial disclosures do not initial TILA disclosures, and lack of diligence and collusion on the part of the broker, lender and underwriter to place Plaintiff in a loan he could not afford and would ultimately benefit Defendants.

93. The public interest would be prejudiced by permitting the alleged contract to stand as such action would regard an unscrupulous lender.

94. As a proximate result of Defendants` actions, Plaintiff has been damaged in an amount not yet ascertained is to be proven at trial.

WHEREFORE, Plaintiff prays for rescission of the stated loan in its entirety.

## NINTH CAUSE OF ACTION
### Fraud - California Civil Code §1572
### (Against All Defendants)

95, Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96. Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of deceiving Plaintiff and inducing him to part with their personal and real property buy using a stated income loan.

97. The credit application and or available W-2's provided by Plaintiff was enough, in addition to the application itself for Defendants to know what type of loan should be offered, and what the Plaintiffs could not afford, Any falsification of a credit application by a broker or seller for the purposes of securing a loan is de facto fraud. U.S. v. Robinson, 4th Circuit, 2004.

98. Defendants engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for self-serving purposes and financial gain, which injustice ought to be made known.

99. This loan was fraudulent because: a) the current loan program creates a belief in Plaintiff that [he / she] will be able to make the payments and is illusory and never really in effect; b) the use of a stated income, without verification and the use of an automatic

underwriter fails to reach an appropriate standard while simultaneously inducing Plaintiff's reliance on the qualification process; and c) underwriting a borrower based on the clear and present risk is "knowingly" selling a mortgage loan that will fail.

100. Plaintiff justifiably relied on Defendants deception, which was the actual and proximate cause of Plaintiffs damages.

101, Plaintiff is entitled to exemplary and punitive damages for Defendants' fraudulent conduct in the sum to be determined at trial. Further, fraudulent concealment voids the contract.

WHEREFORE, Plaintiff prays for relief as set forth below.

## TENTH QAUSE OF ACTION
### Unfair And Deceptive Business Act Practices (UDAP)
### (Against All Defendants)

102, Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein,

103, Defendants failed to undergo a diligent underwriting process for this loan a alleged in this complaint. They also failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan and placed Plaintiff in a loan, by way of stated income and misleading facts, which they should never have been approved for because they could not afford it. Defendants did have that knowledge of these facts, circumstances and risks but failed to disclose them. Defendants also used various rates and charges to disguise the actual payment schedule and loaned amount. The Defendants enjoyed unjust enrichment and have profited and deceptively prayed upon Plaintiff and his/her naive nature in the industry.

104. By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of [his / her] home equity, as well as her past and future investment.

105. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum, which is, as yet unascertained.

WHEREFORE, Plaintiff prays for relief as set forth below

## ELEVENTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Defendants)

106. Plaintiff realleges and incorporates by reference all preceding paragraphs as though

fully set forth herein.

107. Defendants owed a fiduciary duty to Plaintiff and breached that duty by failing to advise or notify Plaintiff when Defendants broker knew or should have known that Plaintiff will or has a likelihood of defaulting on the loan, Defendants have a Fiduciary duty to the borrower to not place them in that loan (in harms way).

108. Regarding this loan, it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiff. It led to a maximization of profits for the Defendants, with no connect for the borrower, A 30-year fixed with less principal or an outright denial of the current loan program would have netted less rectum for the lender, though better for the borrower failed to provide material disclosures regarding the loan and its interest rate to Plaintiff while in the capacity of Plaintiff's Lender.

110. Defendants failed to fully comply with TILA regulations and laws designated to protect Plaintiff. The failure to do so, placed Plaintiff in a serious disadvantage and potential loss of her home. Such actions are violations of a fiduciary responsibility owed to Plaintiff by Defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

TWELFTH CAUSE OF ACTION
Unconscionability – UCC 3202
(Against All Defendants)

111, Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112, If the court, as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

113. When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

114. Here, based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were require to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff, the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

WHEREFORE, Plaintiff prays for restitution and relief as set forth below,

THIRTEENTH CAUSE OF ACTION
Predatory Lending; California Business and Professions Code §17200
(Against All Defendants)

115, Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116. The Office of Comptroller of the Currency defines Predatory Lending as any lien secured by real estate, which shares well-known common characteristics that result in Unfair and Deceptive Business Practices under California Business and Professions Code § 17200.

117. Acts undertaken by the Defendants here Hat are consistent with the Office of the Comptroller's definition include the fact that this loan was marketed in a way which fails to fully disclose all material terms and includes terms and provisions which are unfair, fraudulent or unconscionable;

118. This loan is marketed in whole or in part on the basis of fraud, exaggeration, misrepresentation, or the concealment of a material fact and was underwritten without due diligence by the party originating the loan;

119. The loan docs clearly on the good faith estimate of closing costs the size of any yield spread premium paid directly or indirectly, in whole or in part, to a mortgage loan officer;

120. Contains loan terms whereby the borrower can never realistically repay the loan, representative of "Bait and Switch" tactics.

121. This loan is based on a loan application that is inappropriate for the borrowers. For instance, the use of a No Income stated in the loan application from an employed individual who has or can obtain pay stubs, W-2 forms and tax returns.

122. This loan is underwritten without due diligence by the party originating the loan. There has been no realistic means test for determining the ability of the borrowers to repay the loan. Further, there is a lack of documentation of income, or assets and/or job verification.

123.  Plaintiff, was frustrated of lack of performance of lender to modify loan after many months of submitting required documents, emails and phone conversations, etc. Evidence will document behavior and show lender received unjust enrichment.

WHEREFORE, Plaintiff prays for relief as set forth below.

OURTEENTH CAUSE OF ACTION
Quiet Title
(All Defendants Claiming Any Interest In the Subject Property)

124. Plaintiffs re-allege and incorporated by reference all preceding paragraphs as though fully set forth herein.

125. Plaintiffs is at all times herein mentioned the owner and/or omitted to possession of the Property, until the date of sale that transferred physical possession of the deed of trust to the non-bona tide subsequent purchaser.

126, Plaintiffs are informed and therefore believes and thereupon alleges that Defendants, and each of them, claim an interest in the Subject Property adverse to Plaintiffs. However, as a result of the conduct more fully described in the preceding allegations, the claim of Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Property.

127. Plaintiff therefore seeks a declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FQR RELIEF

WHEREFORE Plaintiff will ask for the following for each Cause of Action sustained:

1. For Compensatory Damages in an amount to be determined by proof at trial,
2. For Special Damages in an amount to be determined by proof at trial,
3. For General Damages in an amount to be determined by proof at trial,
4. For Treble Damages in an amount to be determined by proof at trial,
5. For Punitive Damages as against the individual Defendants,
6. For Attorney's Fees and Costs of this action,
7. For Declaratory Relief, including a declaration that Plaintiff is the prevailing party,
8. For an injunction, enjoining any future foreclosure proceeding on the Subject Property,
9. For a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution,
10. Quiet Title,
11. For any prejudgment or other interest according to law, and
12. Any other and further relief that the Court considers just and proper.

_____S— M. Park_____ Date _7-26_ 2010
(Sean M. Park Plantiff,)

_____Michelle Park_____ Date _7/24_ 2010
(Michelle Park Plaintiff)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEAN M. PARK AND MICHELLE PARK, PRO SE

### DEFENDANTS
WASHINGTON MUTUAL BANK, FSB / JP MORGAN CHASE / AURORA LOAN Finance LLC (Lender)

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Lewisville, TX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SEAN M. PARK PRO SE
8011 PROSPECT WAY
LA MESA CA 91941
619 2486967

Attorneys (If Known)

**'10 CV 1548 MMA NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28, 1331

Brief description of cause:
FRAUD

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7-26-10

SIGNATURE OF ATTORNEY OF RECORD: Se M. Park

### FOR OFFICE USE ONLY

RECEIPT # 16197   AMOUNT $350   7/26/10 BM   APPLYING IFP   JUDGE _____   MAG. JUDGE _____

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016197
Cashier ID: bhartman
Transaction Date: 07/26/2010
Payer Name: SEAN M PARK
--------------------------------
CIVIL FILING FEE
 For: PARK V WASHINGTON MUTUAL
 Case/Party: D-CAS-3-10-CV-001548-001
 Amount:        $350.00
--------------------------------
CREDIT CARD
 Amt Tendered: $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```