RICHARD S. BUSCH, SBN 102632
Law Offices of Richard S. Busch
2660 Townsgate Road, Suite 400
Westlake Village, California 91361
Tel: (805) 222-4234
Fax: (805) 497-7680

Attorney for Defendant, Tyona Rensen

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SEAN PARK<br>MICHELLE PARK,<br><br>    Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, FSB/JP<br>MORGAN CHASE HOME FINANCE LLC,<br>ETC., ET AL.<br><br>    Defendants. | Case No.: 10 CV 1548<br><br>ANSWER TO COMPLAINT |

## ANSWER

Defendant TYONA RENSEN, (hereinafter Defendant or Rensen), answers the Complaint (Complaint) herein as follows:

### JURISDICTIONAL ALLEGATIONS

1. Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 1-5 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof.

### GENERAL FACTUAL ALLEGATIONS

2. Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 6-32 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any

ANSWER- 1

relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## PARTIES

3. Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 1-7 and Paragraphs 9-38 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

4. Answering Paragraph 8 of the Complaint, Defendant admits that she is a licensed notary public, but Defendant denies each and every remaining allegation set forth in Paragraph 8 on the ground that she did not notarize the Short Form Deed of Trust dated August 1, 2007, and her signature and notary seal on said document are forgeries. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## FIRST CAUSE OF ACTION

5. First Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 39-43 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## SECOND CAUSE OF ACTION

6. Second Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 44-47 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that

she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### THIRD CAUSE OF ACTION

7. Third Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 54-60 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### FIFTH CAUSE OF ACTION

8. Fifth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 61-72 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### SIXTH CAUSE OF ACTION

9. The Sixth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 73-81 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### SEVENTH CAUSE OF ACTION

10. The Seventh Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 82-88 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that

she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### EIGHTH CAUSE OF ACTION

11. The Eighth Cause of Action Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 90-94 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### NINTH CAUSE OF ACTION

12. The Ninth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 95-101 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### TENTH CAUSE OF ACTION

13. The Tenth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 102-105 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

### ELEVENTH CAUSE OF ACTION

14. The Eleventh Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 106-110 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies

that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## TWELFTH CAUSE OF ACTION

15. The Twelfth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 111-114 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## THIRTEENTH CAUSE OF ACTION

16. The Thirteenth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 115-123 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

## FOURTEENTH CAUSE OF ACTION

17. The Fourteenth Cause of Action: Defendant has no information or belief sufficient to enable her to answer the allegations of Paragraphs 124-127 of the Complaint herein, and basing her denial on that ground, denies each and every allegation thereof. Defendant further denies that she has ever had any relationship, contractual or otherwise, with Plaintiffs or the other named Defendants in this matter, as she was the victim of identity theft. Defendant further denies that she caused Plaintiffs any of the alleged damages set forth in the Complaint.

I.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of the causes of action, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

II.

## SECOND AFFIRMATIVE DEFENSE

At no time did this answering Defendant have any express or implied agency relationship with any other named defendant. Moreover, Defendant performed no act and made no representation that could reasonably have led Plaintiffs to believe that any other defendant had the authority to act on its behalf.

III.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the recovery sought because she failed to mitigate damages.

IV.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of laches.

V.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery because plaintiffs have unclean hands.

VI.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' action, and each of its causes of action, is barred by the Statute of Limitations pursuant to Code of Civil Procedure, Sections 335.1, 337, 338, 339, 340 and 343.

VII.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, by their actions, have waived their right to assert any claim against this answering Defendant.

VIII.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against this answering Defendant pursuant to the equitable doctrine of estoppel.

IX.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs themselves were negligent in their conduct alleged in the Complaint and their recovery should be barred or reduced by application of the Doctrines of Contributory Negligence and Comparative Negligence.

X.

## TENTH AFFIRMATIVE DEFENSE

This answering Defendant complied with all of her duties as a notary public and the damages claimed by Plaintiffs, if any, were not proximately caused by any breach of duty on the part of Defendant.

### Prayer

Defendant demands:

A. That Plaintiffs take nothing by way of their Complaint as against this answering Defendant.

B. For cost of suit incurred herein.

C. For sanctions against Plaintiffs pursuant to Federal Rule 11 based on the filing and continued prosecution of this action against Defendant after being placed on notice that Defendant was an innocent victim of identity theft.

D. For such other and further relief as this Court may deem just and proper.

Dated: September 8, 2010

LAW OFFICES OF RICHARD S. BUSCH

By: _____
Richard S. Busch
Attorney for Defendant,
Tyona Rensen