# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PARK; MICHELLE PARK,<br><br>                Plaintiffs,<br>vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>                Defendants. | CASE NO. 10 CV 1548 MMA (AJB)<br><br>**ORDER GRANTING DEFENDANT CHICAGO TITLE COMPANY'S MOTION TO QUASH**<br><br>[Doc. No. 15] |

    Before the Court is Defendant Chicago Title Company's motion to quash service of summons and complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). [Doc. No. 15.] For the reasons discussed below, the Court **GRANTS** Defendant's motion to quash.

## BACKGROUND

    This action arises from foreclosure related events with respect to Plaintiffs' real property located at 7419 Draper Avenue, La Jolla, California 92037 ("Property). [*Complaint*, Doc. No. 1 at p.4, ¶2.] However, the allegations of the complaint are largely incomprehensible, and the Court will not endeavor to re-state them here, as Defendant's present motion depends only on the effectiveness of Plaintiffs' attempted service.

    Plaintiffs initiated this action on July 26, 2010. [Doc. No. 1.] On or about August 20, 2010, Defendant received a copy of the complaint via Federal Express. [Doc. No. 15, p.4; Doc. No. 10.] However, this type of mail service is not permitted by Federal Rule of Civil Procedure 4.

1  In addition, Plaintiff Sean Park impermissibly attempted to effect service of process himself.  *See*
2  Fed. R. Civ. 4(c)(2) (service may not be made by a party to the case).  Defendants attempted to
3  reach Plaintiffs to advise them that service was invalid, and that Defendant would waive service of
4  summons if Plaintiffs complied with Rule 4(d).  Receiving no response, Defendants filed the
5  pending motion to quash service of summons and complaint for insufficient service of process on
6  September 10, 2010.  [Doc. No. 15.]  Plaintiffs did not oppose the motion to quash.

## DISCUSSION

8       The Ninth Circuit has held a district court may properly grant an unopposed motion
9  pursuant to a local rule where the local rule permits, but does not require, the granting of a motion
10 for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Local
11 Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner
12 required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that
13 motion or other ruling by the court."  As such, the Court has the option of granting Defendant's
14 motion on the basis of Plaintiffs' failure to respond, and it chooses to do so.

15      Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.*
16 *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward
17 toward resolution on the merits when the plaintiffs fail to defend themselves against a Rule
18 12(b)(5) motion.  Effective service of process is a procedural prerequisite to maintaining suit.
19 Thus, this policy lends little support to a party whose responsibility it is to move a case toward
20 disposition on the merits but whose conduct impedes or completely prevents progress in that
21 direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of this
22 Court's docket is of vital significance to the proper and timely resolution of matters before it.
23 Consequently, the Court finds that granting Defendant's motion to quash service of process
24 pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light
25 of the fact that multiple cases similar to the one at bar are currently pending, poised in a similar
26 procedural posture.

28 ///

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to quash.

**IT IS SO ORDERED**.

DATED: October 21, 2010

Hon. Michael M. Anello
United States District Judge