1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  SEAN PARK; MICHELLE PARK,                    CASE NO. 10 CV 1548 MMA (AJB)
12                             Plaintiffs,        **ORDER GRANTING**
                                                  **DEFENDANTS JP MORGAN**
13        vs.                                     **CHASE BANK AND CALIFORNIA**
                                                  **RECONVEYANCE COMPANY'S**
14                                                **MOTION TO DISMISS AND**
    WASHINGTON MUTUAL BANK, et al.,              **REQUEST FOR JUDICIAL**
15                                                **NOTICE**
                              Defendants.
16                                                [Doc. No. 17]
17

18          Before the Court is Defendants JPMorgan Chase Bank, N.A. (erroneously sued as

19  Washington Mutual Bank FSB/JPMorgan Chase Home Finance LLC) and California

20  Reconveyance Company's motion to dismiss Plaintiffs Sean Park and Michelle Park's complaint

21  under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may

22  be granted. [Doc. No. 17.] For the reasons discussed below, the Court **GRANTS** Defendants'

23  motion to dismiss and accompanying request for judicial notice.

24                                  **BACKGROUND**

25          This action arises from foreclosure related events with respect to Plaintiffs' real property

26  located at 7419 Draper Avenue, La Jolla, California 92037 ("Property"). [*Complaint*, Doc. No. 1

27  at p.4, ¶2.] Although the allegations of the complaint are largely incomprehensible, the Court has

28  discerned the following relevant events. On November 2, 2007, Plaintiffs entered a loan

agreement for $1 million with Washington Mutual Bank to finance the purchase of the Property. [*Id*. at p.2, ¶¶6-7; p.4, ¶3; *see also* Doc. No. 17, Ex. 1.]  Plaintiffs allege Defendants should not have approved them for the large loan given Plaintiffs' "stated income and medium to high-risk credit score."  [*Complaint* at p.6, ¶31.]  Moreover, Defendants allegedly did not provide Plaintiffs with disclosures required by the Truth In Lending Act, and Defendants violated the Real Estate Settlement Procedures Act by charging improper fees at closing.  [*Id*. at p.6, 11.]  At some point, Plaintiffs fell behind in their loan payments, and Defendant California Reconveyance Company ("CRC") recorded Notices of Default on the Property.  [Doc. No. 17, Ex. 2.]  CRC recorded a Notice of Trustee's Sale on April 23, 2010 and on July 2, 2010.  [Doc. No. 17, Exs. 3-4.]

Plaintiffs initiated this action on July 26, 2010, alleging causes of action for: (1) Declaratory Relief; (2) Injunctive Relief; (3) "Determine Nature, Extend and Validity of Lien under California Commercial Code § 9313;"[1] (4) Violations of the Truth in Lending Act; (5) Violations of the Real Estate Settlement and Procedures Act; (6) Violations of California Civil Code § 2932.5; (7) Rescission; (8) Fraud; (9) Violations of the "Unfair and Deceptive Business Act Practices;" (10) Breach of Fiduciary Duty; (11) Unconscionability; (12) Predatory Lending in violation of California Business and Professions Code § 17200; and (13) Quiet Title.  [Doc. No. 1.]  On September 13, 2010, Defendants JPMorgan Chase Bank, N.A. (erroneously sued as Washington Mutual Bank FSB/JPMorgan Chase Home Finance LLC) and California Reconveyance Company filed the pending motion to dismiss.  [Doc. No. 17.]  Plaintiffs did not oppose the motion.

## DISCUSSION

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that

---

[1] This third cause of action appears to allege a breach of the implied covenant of good faith and fair dealing.

1  motion or other ruling by the court." As such, the Court has the option of granting Defendants'

2  motion on the basis of Plaintiffs' failure to respond, and it chooses to do so.

3        Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v.*

4  *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward

5  toward resolution on the merits when the plaintiffs fail to defend themselves against a Rule

6  12(b)(6) motion. Thus, this policy lends little support to a party whose responsibility it is to move

7  a case toward disposition on the merits but whose conduct impedes or completely prevents

8  progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition,

9  management of this Court's docket is of vital significance to the proper and timely resolution of

10 matters before it. Consequently, the Court finds that granting Defendants' motion to dismiss

11 pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light

12 of the fact that multiple cases similar to the one at bar are currently pending, poised in a similar

13 procedural posture.

14       **CONCLUSION**

15       For the reasons set forth above, the Court **GRANTS** Defendants' motion and **DISMISSES**

16 the complaint without prejudice as to Defendants JPMorgan Chase Bank, N.A. (erroneously sued

17 as Washington Mutual Bank FSB/JPMorgan Chase Home Finance LLC) and California

18 Reconveyance Company. The Clerk of Court is instructed to terminate these Defendants from this

19 action.

20       **IT IS SO ORDERED**.

21

22 DATED: October 26, 2010

23

24                                 Hon. Michael M. Anello

25                                 United States District Judge

26

27

28

10cv1548