# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PARK; MICHELLE PARK,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>Defendants. | CASE NO. 10 CV 1548 MMA (AJB)<br><br>**ORDER**:<br><br>**DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 25]<br><br>**DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Doc. No. 25-1] |

Currently before the Court are: (1) Plaintiffs Sean Park and Michelle Park's motion for reconsideration of the Court's October 26, 2010 Order dismissing Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") (erroneously sued as Washington Mutual Bank FSB/JP Morgan Chase Home Finance LLC) and California Reconveyance Company ("CRC"); and (2) Plaintiffs' motion for leave to file a first amended complaint. [Doc. No. 25.] For the reasons set forth below, the Court **DENIES** Plaintiffs' motion for reconsideration, and **DENIES** Plaintiffs' request to file an amended complaint.

/ / /

# BACKGROUND

This action arises from foreclosure related events affecting Plaintiffs' real property located at 7419 Draper Avenue, La Jolla, California 92037 (the "Property"). On July 26, 2010, Plaintiffs filed a complaint alleging thirteen causes of action against several named defendants, including JPMorgan and CRC. [Doc. No. 1.][1] On August 19, Plaintiffs filed several un-executed summonses. [Doc. Nos. 3-7.] On August 20, Plaintiffs requested the Clerk of Court enter a default as to JPMorgan and CRC, among others. [Doc. No. 8.] Because Plaintiffs had not properly served Defendants, default was not entered. [*Id.*] On August 24, 2010, Plaintiffs returned executed summonses as to several defendants, including JPMorgan and CRC. [Doc. Nos. 12-13.]

On September 13, 2010, Defendants JPMorgan and CRC timely moved to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 17.] Plaintiffs did not file an opposition to the motion. On October 26, 2010, the Court granted JPMorgan and CRC's motion to dismiss and the Clerk terminated these two defendants from the case. [Doc. No. 20.] On December 14, 2010, Plaintiffs filed a motion for reconsideration of the Court's October 26 Order dismissing JPMorgan and CRC, and a motion for leave to file an amended complaint. [Doc. No. 25.]

**I.      MOTION FOR RECONSIDERATION**

# LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not explicitly allow motions for reconsideration, a party may seek relief from an order under Rule 60(b). A motion brought pursuant to Rule 60(b) is specifically limited to instances where the movant demonstrates the existence of one or more of the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) . . . [that] applying [the judgment] prospectively

---

[1] While the caption on the Complaint erroneously indicates Plaintiffs assert 15 causes of action, the body of the Complaint asserts only 13 claims.

1  is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *Sch.*
2  *Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(6) "is used sparingly as an
3  equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary
4  circumstances prevented a party from taking timely action to prevent or correct an erroneous
5  judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

## **DISCUSSION**

7  Plaintiffs assert reconsideration is appropriate under Rule 60(b)(2) because they possess
8  newly discovered evidence. [Doc. No. 25, p.4.] "Where a party seeks relief from judgment under
9  Rule 60(b)(2) on the basis of newly discovered evidence, it must show that it exercised due
10 diligence in discovering the evidence, and also that the newly discovered evidence is of such
11 magnitude that production of it earlier would have been likely to change the disposition of the
12 case." *Daghlian v. Devry Univ., Inc.*, 582 F. Supp. 2d 1231, 1252-53 (C.D. Cal. 2008) (internal
13 marks and citation omitted). Here, Plaintiffs provide no information regarding what specific
14 evidence has been discovered, when it was discovered, or why the evidence could not have been
15 discovered earlier through due diligence. Instead, Plaintiffs assert generally that, "additional
16 discovery . . . has come to light since plaintiffs filed their original Complaint on July 26, 2010[,] . .
17 . [including] recent violations by all named defendants and new expert witness testimony of
18 forensic auditors which by reasonable diligence, could not have been discovered earlier by
19 Plaintiffs . . . ." [*Id.* a p.3-4.] Plaintiffs' vague statements do not satisfy the requirements of Rule
20 60(b)(2). *See, Gomez v. California*, 2010 U.S. Dist. LEXIS 11881 *8-10 (E.D. Cal.).[2] Without
21 any detail regarding the purported evidence that Plaintiffs recently discovered and the
22 circumstances surrounding its discovery, the Court cannot conclude that Plaintiffs are now in
23 possession of "newly discovered evidence" within the meaning of Rule 60(b)(2).
24 In addition, Plaintiffs' motion for reconsideration does not address why they failed to
25 oppose Defendants JPMorgan and CRC's motion to dismiss. Even if Plaintiffs discovered

---

[2] Plaintiffs' declaration offered in support of their motion for reconsideration is unavailing because it merely details the course of events leading up to the filing of the complaint on July 26, 2010; no information is provided regarding events that occurred after July 26, 2010. [*See* Doc. No. 25-2.]

1   evidence after they filed their Complaint in July, this fact has no bearing on their complete failure
2   to oppose Defendants' motion.  Accordingly, the Court finds Plaintiffs have failed to establish
3   grounds for reconsideration of the Court's October 26, 2010 Order based on the existence of newly
4   discovered evidence.

5   In their reply brief Plaintiffs assert, for the first time, that they did not oppose Defendants'
6   motion to dismiss because they "confused this case with another matter." [Doc. No. 32, p.2.]
7   Thus, it appears Plaintiffs also seek reconsideration under Rule 60(b)(1) due to "mistake,
8   inadvertence, surprise, or excusable neglect."  Plaintiffs explain they were confused because the
9   caption on Defendants' motion to dismiss erroneously indicated the action was filed on April 28,
10  2009, instead of July 26, 2010.  [*Id*.; *see also* Doc. No. 17.]  Plaintiffs, however, provide no
11  explanation why this confusion caused them not to file any opposition.  Although the "action
12  filed" date on the caption is in error, the remaining information on the caption is correct and
13  should have given Plaintiffs sufficient notice of Defendants' motion to dismiss.  The caption
14  includes the correct case name, case number, contact information for defense counsel, as well as
15  the November 8, 2010 motion hearing date.  Plaintiffs do not explain why they disregarded this
16  information on the caption, and instead, chose not to take any action with respect to the motion.

17  Plaintiffs also do not indicate which steps they took, if any, to remedy their confusion until
18  more than three months after Defendants filed and served their motion to dismiss, and nearly two
19  months after the Court granted Defendants' motion.  Further, Plaintiffs' inaction is not an adequate
20  ground for reconsideration because Plaintiffs were on notice that one of their complaints was
21  subject to dismissal,[3] yet Plaintiffs do not assert they took any action to oppose the dismissal.  The
22  docket reflects that Defendants served Plaintiffs with a copy of their motion to dismiss on
23  September 13, 2010, by mail at the P.O. Box address Plaintiffs provided on the caption of their
24  complaint.  [Doc. No. 17, p.27-28 (proof of service).]  Plaintiffs do not assert they did not receive
25  notice of Defendants' motion.  Similarly, the Clerk mailed a copy of the Court's October 26 Order
26  to Plaintiffs' P.O. Box the day it was entered, and Plaintiffs do not allege they did not receive this
27
28  _____
    [3] Plaintiffs have several similar actions pending before the Southern District regarding various other properties, including case numbers 3:10cv1546; 3:10cv1547; and 3:10cv1737.

notice. [Doc. No. 20.] Because Plaintiffs are responsible for moving this case toward a disposition on the merits, and their non-responsive behavior prevented progress in that direction, the Court appropriately granted JPMorgan and CRC's unopposed motion to dismiss. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). Accordingly, without more, Plaintiffs' asserted confusion caused by filing multiple complaints is not sufficient to demonstrate reconsideration is appropriate under Rule 60(b)(1).

The Court recognizes it has a duty to construe Plaintiffs' motion for reconsideration liberally because they are proceeding pro se. *See, Wootten v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 12249 *8-9 (N.D. Cal.) (citation omitted). However, the Court cannot infer facts that are not alleged in the motion. (*Id*.) All plaintiffs, including those who are proceeding pro se, must allege sufficient facts to demonstrate they are entitled to the relief requested. Here, Plaintiffs do not allege facts that indicate they are entitled to relief under Rule 60(b). Accordingly, their motion for reconsideration is **DENIED.**

**II.    MOTION FOR LEAVE TO AMEND**

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint (i) within 21 days after serving it; (ii) within 21 days after a responsive pleading has been served; or (iii) with leave of court. Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court, and should be granted freely when justice so requires. *Id*.; *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). Typically, five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, Plaintiffs seek leave to amend to add new facts and claims they discovered after filing the Complaint on July 26, 2010. [Doc. No. 25-1.] However, Plaintiffs do not identify the

1  new facts or claims they desire to include.  Nor do Plaintiffs explain how or when they acquired
2  the allegedly new information, or why they did not seek leave to amend earlier.  Rather, Plaintiffs
3  offer conclusory statements that their request satisfies Rule 15's liberal standard, and they entirely
4  fail to articulate a clear reason why leave to amend is appropriate.

5  For example, Plaintiffs summarily state that "defendants have stipulated to Plaintiffs'
6  motion to Amend, and has [sic] therefore demonstrated that it [sic] will not be prejudiced by the
7  proposed amendment."  [*Id.* at p.3.]  Not only is Plaintiffs' conclusory statement insufficient to
8  demonstrate the absence of prejudice, Plaintiffs' statement is contradicted by assertions made later
9  in their motion.  Plaintiffs indicate they attempted to contact counsel for at least three of the
10 defendants to inform them that Plaintiffs intended to file a motion for leave to amend.  According
11 to Plaintiffs, counsel of record for JPMorgan and CRC's did not respond, counsel for Chicago
12 Title Company indicated they would not object to Plaintiffs' anticipated motion, and counsel for
13 Tyona Rensen indicated he would object.  [*Id.* at p.5.]  Based on this information, it is clear
14 Defendants did not stipulate to Plaintiffs' proposed amendment.

15 In addition, none of the Defendants that appear to be the subject of Plaintiffs' motion for
16 leave to amend are still parties to this action.  Plaintiff voluntarily dismissed Defendants Chicago
17 Title Company and Tyona Rensen on February 2, 2011 and January 10, 2011 respectively, and
18 because the Court denies Plaintiffs' motion for reconsideration, JPMorgan and CRC remain
19 terminated.  [*See* Doc. Nos. 29, 35.]  A review of the docket reflects that Universal Business
20 Services is the only remaining defendant that may have been served, and Plaintiffs do not allege
21 any new facts or claims they have discovered with respect to this defendant.  Accordingly, the
22 Court **DENIES** Plaintiffs' motion for leave to file an amended complaint.

27 / / /
28 / / /

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' motion for reconsideration of its October 26, 2010 Order [Doc. No. 25] and **DENIES** Plaintiffs' motion for leave to file an amended complaint [Doc. No. 25-1.]

**IT IS SO ORDERED.**

DATED: February 14, 2011

Hon. Michael M. Anello
United States District Judge